**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Paul B. OWENS, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 18, 2000.
Filed April 3, 2000.

---

Francis M. Socha, Harrisburg, for appellant.

Jeffrey B. Engle, Asst. Dist. Atty., Harrisburg, for Com., appellee.

Before DEL SOLE, TODD and TAMILIA, JJ.

TAMILIA, J.:

¶ 1 Appellant, Paul B. Owens, appeals the June 18, 1999 Order denying his petition for relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546. On appeal, appellant contends the trial court erred by failing to administer the trial and appellate counsel waiver colloquies and by failing to grant his motion to rescind *pro se* representation.

¶ 2 On October 4, 1993, appellant was arrested and charged with three counts of unlawful delivery of a controlled substance [1] and unlawful possession of drug paraphernalia.[2] On March 28, 1994, at a pre-trial hearing, appellant informed the court that he wished to proceed *pro se.* The *Commonwealth* conducted the waiver of counsel colloquy and the court appointed a public defender as stand-by counsel. Thereafter, appellant filed a motion to rescind *pro se* representation and requested new court-appointed counsel. The motion was denied by the trial court and, following a jury trial, appellant was convicted of all charges and sentenced to an aggregate term of fifteen (15) to thirty (30) years' imprisonment.

¶ 3 On appeal, appellant refused court-appointed appellate representation and this Court affirmed his judgment of sentence. *Commonwealth v. Owens*, 448 Pa.Super. 654, 671 A.2d 771 (1995) (unpublished Memorandum). On June 4, 1997, the trial court denied appellant's PCRA petition as untimely filed and, on appeal, this Court reversed and remanded for the trial court to decide appellant's claims on the merits. *Commonwealth v. Owens*, 718 A.2d 330 (Pa.Super.1998). On remand, the trial court found appellant made a knowing, voluntary and intelligent waiver of trial and appellate counsel and, thus, denied the PCRA petition. This timely appeal followed.

¶ 4 On appeal, appellant raises the following questions for our review:

I. Did the trial court err in failing to find that the trial court, and not the district attorney, was required to conduct an on the record colloquy to determine if the appellant made a knowing, intelligent and voluntary waiver of trial counsel;

II. Did the trial court err by failing to conduct an on the record colloquy to determine if the appellant made a knowing, intelligent and voluntary waiver of appellate counsel; and

III. Did the trial court abuse its discretion in denying the appellant's motion to rescind pro se representation which was filed before trial?

(Appellant's brief at 21.)

¶ 5 Our review of a PCRA court's grant or denial of relief is limited to examining whether the trial court's determination is supported by the evidence and whether it is free of legal error. *Commonwealth v. Walker*, 721 A.2d 380 (Pa.Super.1998). Furthermore, we will not disturb findings that are supported by the record. *Id.* at 381.

¶ 6 Appellant contends the trial court erred by failing to administer the waiver of trial and appellate counsel colloquies and alleges, had the trial court conducted the colloquies, he would have "realized the significant dangers of proceeding *pro se* " and would have requested court-appointed counsel. (Appellant's brief at 26).[3]

---

1. 35 P.S. § 780–113(a)(30).

2. 35 P.S. § 780–113(a)(32).

3. Because we have found no appellate cases that address a challenge to trial and appellate counsel waiver colloquies in a PCRA petition,

¶ 7 A criminal defendant's right to be represented by counsel is guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 9, and Article V, Section 9, of the Pennsylvania Constitution. Before this right may be waived, however, "the trial court is required to make a searching and formal on-the-record inquiry to ascertain (1) whether the defendant is aware of his right to counsel or not and (2) whether the defendant is aware of the consequences of waiving that right or not." *Commonwealth v. Ford*, 715 A.2d 1141, 1143–44 (Pa.Super.1998)(citation omitted). Pursuant to Pa.R.Crim.P. 318, **Waiver of Counsel**, (c), **Proceedings Before a Judge**, "when a defendant seeks to waive the right to counsel after the preliminary hearing, the judge shall ascertain from the defendant, on the record, whether this is a knowing, voluntary and intelligent waiver of counsel."

¶ 8 Appellant relies on *Commonwealth v. Payson*, 723 A.2d 695 (Pa.Super.1999), for the proposition that a trial judge *must* conduct the colloquy pursuant to Rule 318. In *Payson*, the defendant, who failed to retain private counsel after being deemed ineligible for free representation through the public defender, entered a *pro se*, non-negotiated guilty plea, during which the *Commonwealth* conducted the waiver of counsel colloquy. Appellant signed a supplemental form explaining and verifying that he understood his guilty plea rights, however, there was no other information relevant to a waiver of trial counsel. Following sentencing, the defendant was advised of his post-trial rights by the *Commonwealth* and, once again, signed a supplemental form containing no additional information regarding a waiver of appellate counsel. The *Payson* court stated:

> we find this case presents an issue of first impression for this Court.

4. The Comment to Rule 318 states:
   Although it is advisable that the judge or issuing authority should conduct the exami-

Several cases decided in the ensuing thirteen years ... have interpreted [Rule 318] more strictly than the Comment and have rendered its approach insufficient. The law is now clear that the trial judge must conduct the colloquy and in doing so must formally question the defendant on the six listed areas.[4]

*Id.* at 701. This Court reviewed the adequacy of the colloquy, however, and determined it did not comply with the mandated procedures of Rule 318 where the Commonwealth failed to inform the defendant of the fourth, fifth and sixth required areas of inquiry for a valid counsel waiver. Although persuaded by the dissent's argument in *Commonwealth v. Brazil*, 549 Pa. 321, 701 A.2d 216 (1997), that a totality of the circumstances standard of review is appropriate, this Court was bound to follow the "bright line" rule for waiver colloquies set forth by the *Brazil* majority. *Payson, supra* at 705.

¶ 9 In *Brazil, supra,* our Supreme Court made clear that the trial court must conduct a waiver of counsel colloquy, even where stand-by counsel is appointed. *Id.* at 326, 701 A.2d at 219. In that case, the defendant refused representation by the public defender, yet a waiver colloquy was not conducted. On direct appeal, this Court stated the totality of the circumstances obviated the requirement of a waiver of counsel colloquy. Our Supreme Court, however, found the trial court "failed to elicit any information indicating that appellant's desire to waive his right to counsel was knowing and intelligent." *Id.* The Court stated "whether standby counsel is ultimately appointed or not, and irrespective of the quality of representation achieved at trial, when a defendant indicates a desire to waive his right to

> nation of the defendant, the rule does not prevent the attorney for the Commonwealth or an already-appointed or retained defense counsel from conducting all or part of the examination of the defendant....
> Pa.R.Crim.P. 318—**Comment.**

counsel, a full waiver colloquy must be conducted." *Id.*

■ ¶ 10 Although appellant presents a correct statement of law pursuant to *Payson* and *Brazil, supra,* a retroactive application of the requirements to the trial court's procedure in 1994 is not a basis for a new trial herein. At the time of appellant's trial and direct appeal, he did not raise the court's failure to conduct the colloquy as the basis for a new trial and, thus, it was not preserved in a manner to warrant retroactive application of *Payson* and *Brazil. See Commonwealth v. McMillan,* 376 Pa.Super. 25, 545 A.2d 301 (1988) (retroactive application of change in law is not warranted where reasoning of new decision was not urged as basis for relief in trial court by appellant); and *Commonwealth v. Gillespie,* 512 Pa. 349, 516 A.2d 1180 (1986) (a new rule of law to which we give full retroactive effect, will not be applied to any case on collateral review unless that decision was handed down during the pendency of an appellant's direct appeal and the issue was properly preserved there, or . . . is non-waivable).

■ ¶ 11 Appellant also argues the waiver of trial counsel colloquy was not valid because he was not informed of the permissible range of sentences and/or fines for the offenses charged pursuant to Pa. R.Crim.P. 318.[5] As previously stated, when a defendant seeks to waive trial counsel, the judge must determine whether the defendant is both aware of the nature of the constitutional right and the risk of forfeiting the same. *Commonwealth v. Ford,* 715 A.2d 1141 (Pa.Super.1998). The case law in Pennsylvania makes clear that an effective waiver of counsel colloquy must include an inquiry into six specific areas, including whether the defendant is aware of the permissible

range of sentences. *See* Pa.R.Crim.P. 318–Comment; and *Commonwealth v. Lloyd,* 370 Pa.Super. 65, 535 A.2d 1152 (1988). Regardless of the defendant's prior experience with the justice system, a "penetrating and comprehensive" colloquy is mandated. *Commonwealth v. Dale,* 286 Pa.Super. 308, 428 A.2d 1006 (1981).

■ ¶ 12 In this case, the following exchange took place during the waiver of trial counsel colloquy:

> Q: Mr. Owens, are you aware of the possible range of sentence involved on those charges?
>
> A: I have no idea.
>
> Q: Do you understand that there would be a mandatory minimum sentence that may be imposed on the charges of unlawful delivery of a controlled substance?
>
> A: If I was convicted, you're right.

(N.T., 3/28/94, at 10.) In light of the record, we cannot conclude the waiver of trial counsel colloquy was valid where appellant was not informed of the permissible range of sentences for the crimes charged. Because the courts of this Commonwealth have interpreted the provisions under Rule 318 to be mandatory, and appellant clearly stated he did not know the range of sentence for the charges involved in this case, we are bound to find the trial counsel waiver invalid.

■ ¶ 13 Although we need not address the merits of appellant's remaining issues, a brief comment is warranted. Appellant's contention that the waiver of appellate counsel colloquy was inadequate is not supported by the record, which reveals the trial court informed appellant of his right to petition for modification of sentence; his right to appeal; his right to file post-trial motions; and his right to appellate counsel (N.T., 2/7/95, at 17–22). *See* Rule 1405,

---

5. Although appellant did not challenge the adequacy of the colloquy on direct appeal, we do not find this contention to be waived where appellant included it in his *pro se* PCRA petition and addressed it in his reply

brief to this Court. *See Commonwealth v. Ashley,* 277 Pa.Super. 287, 419 A.2d 775 (1980) (all alleged errors must be contained in either the original PCHA petition or the final supplemental or amended petition).

Procedure at time of sentencing, (C), Sentencing Proceeding, (3)(a). In addition, appellant's claim that the trial court erred by denying his motion to rescind his *pro se* representation is waived due to his failure to cite case law or other legal authority in support, as required by Pa. R.A.P. 2119, **Argument**. *See also Commonwealth v. Zewe*, 444 Pa.Super. 17, 663 A.2d 195 (1995) (failure to develop legal argument results in waiver of claim).

¶ 14 In light of the forgoing discussion, the Order of June 18, 1999, which dismissed appellant's petition for PCRA relief, is reversed and the case is remanded for proceedings consistent with this Opinion.

¶ 15 Jurisdiction relinquished.