J-S79024-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROBERT J. ROYSTER | |
| Appellant | No. 397 EDA 2014 |

Appeal from the PCRA Order January 6, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1113931-1973

BEFORE: ALLEN, OLSON and STRASSBURGER,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED DECEMBER 23, 2014**

Appellant, Robert J. Royster, appeals from the order entered on January 6, 2014, dismissing as untimely his eighth petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. Upon review, we affirm.

We briefly summarize the facts and procedural history of this case as follows. On June 4, 1974, a jury convicted Appellant of first-degree murder after shooting a woman in the neck following an argument in a Philadelphia bar. Appellant was sentenced to life imprisonment. On April 28, 1977, this Court affirmed Appellant's judgment of sentence. Since then, Appellant has filed, *inter alia*, six federal *habeas corpus* petitions, seven state petitions, and various motions seeking collateral review of his conviction. All requests for relief have been denied. On May 11, 2012, Appellant filed a *pro se*

_____
*Retired Senior Judge assigned to the Superior Court.

petition for collateral relief; he filed a *pro se* amended PCRA petition in October, 2012. Counsel entered an appearance on Appellant's behalf and filed an amended PCRA petition on November 22, 2013. On January 6, 2014, the PCRA court dismissed Appellant's PCRA petition as untimely, not subject to exception. This timely appeal followed.[1]

On appeal, Appellant presents one issue for our review:

> I. Did the PCRA court err when the court dismissed Appellant's amended petition for post-conviction relief as untimely when Appellant demonstrated that he met an exception to the time bar?

Appellant's Brief at 2.

Appellant claims that the PCRA court erroneously dismissed his PCRA petition as untimely, because he asserted a new constitutional right within 60 days of the United States Supreme Court decision in *Lafler v. Cooper,* 132 S. Ct. 1376 (2012).[2] *Id.* at 7-8. Pointing to testimony from a collateral

---

[1] Appellant filed a notice of appeal on January 23, 2014. On March 21, 2014, the PCRA court issued an order pursuant to Pa.R.A.P. 1925(b) directing Appellant to file a concise statement of errors complained of on appeal. Appellant complied timely on April 7, 2014. The PCRA court issued an opinion pursuant to Pa.R.A.P. 1925(a) on April 30, 2014.

[2] Before the PCRA court, Appellant also relied upon the United States Supreme Court decision in *Missouri v. Frye*, 132 S. Ct. 1399 (2012) as establishing a new constitutional right. In his appellate brief, aside from bald citations to *Frye*, Appellant has not offered any legal authority to support his prior argument and has waived this aspect of his claim on appeal. *See Commonwealth v. Owens*, 750 A.2d 872, 877 (Pa. Super. 2000) (appellate claim waived due to the failure to cite case law or other legal authority in support, as required by Pa.R.A.P. 2119).

hearing in 1980, in conjunction with the **Lafler** decision, Appellant claims that trial counsel was ineffective for failing to "explain [a plea] offer to Appellant and the pros and cons of accepting the offer." **Id.** at 9. Appellant further claims:

> [he] would have accepted the [plea] offer had he received effective counsel regarding the offer. Under **Lafler**, Appellant is clearly owed relief. However, at the time of his first post-conviction case **Lafler** was [not] yet decided and the [post-conviction] court rejected this claim. The court did not give any weight to Appellant's testimony that he would have accepted the offer with proper counsel. Today, that testimony would be at the heart of a court's analysis. This contrast demonstrates that there has in fact been a change in the constitutional standard for effective plea counsel and this change is significant enough to amount to a new constitutional right. In light of the proof offered by Appellant's own case history, Appellant asks [our] Court to distinguish [our previous] decision in [**Commonwealth v. Feliciano**, 69 A.3d 1270 (Pa. Super. 2013)] and find that **Lafler** created a new narrow constitutional right.

**Id.** at 9-10. Moreover, Appellant claims that "[a]lthough no court in Pennsylvania has found **Lafler** […] to apply retroactively, Appellant asks this [] Court to carve out an exception to the retroactive requirement" because, in this case, "Appellant did make his ineffective assistance of counsel claim in a timely petition, but Pennsylvania didn't recognize it at the time." **Id.** at 10. Appellant argues that "[u]nder these circumstances Appellant should be permitted to seek PCRA relief regardless of whether **Lafler** [has] been applied retroactively in other cases." **Id.**

"Our standard of review of the denial of a PCRA petition is limited to examining whether the court's rulings are supported by the evidence of

record and free of legal error." ***Commonwealth v. Feliciano***, 69 A.3d 1270, 1274-1275 (Pa. Super. 2013) (citation omitted). "This Court treats the findings of the PCRA court with deference if the record supports those findings." ***Id.*** "It is an appellant's burden to persuade this Court that the PCRA court erred and that relief is due." ***Id.***

The PCRA time limitations, and exceptions thereto, are set forth in 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). That section states:

> **(b) Time for filing petition.**—
>
> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
>> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>>
>> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>>
>> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

"To invoke one of these exceptions, the petitioner must plead it and satisfy the burden of proof." ***Feliciano***, 69 A.3d at 1275. Additionally, any exception must be raised within sixty days of the date that the claim could have been presented. ***Id.***, *citing* 42 Pa.C.S.A. § 9545(b)(2). Our Supreme

Court "has repeatedly stated that the PCRA timeliness requirements are jurisdictional in nature and, accordingly, a PCRA court cannot hear untimely PCRA petitions." **Commonwealth v. Ligons**, 971 A.2d 1125, 1164 (Pa. 2009).

In this case, Appellant's conviction became final on July 27, 1977, ninety days after the Pennsylvania Supreme Court affirmed his judgment of sentence. **See** 42 Pa.C.S. § 9545(b)(3) (judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); U.S. Sup. Ct. Rule 13 (appellant has 90 days to file a petition for *certiorari* in the United States Supreme Court after the Pennsylvania Supreme Court issues a decision). Therefore, Appellant's current PCRA petition filed in 2012, outside the PCRA's one-year filing requirement, is patently untimely.

Appellant claims that he is entitled to relief under the new constitutional right exception to the PCRA time-bar. We conclude that, while Appellant filed his May 11, 2012[3] *pro se* PCRA petition timely within 60 days of **Lafler**, he is not entitled to relief. This Court has specifically determined

_____

[3] The PCRA court erroneously states that the "instant petition was filed on November 22, 2013." PCRA Court Opinion, 4/30/2014, at 4, 6-7. Our review of the certified record confirms that Appellant filed his amended PCRA petition on that date. Our Supreme Court has determined that an amended, counseled PCRA petition is merely an extension of an existing *pro se* petition rather than a new and distinct petition. **Commonwealth v. Tedford**, 781 A.2d 1167, 1171 (Pa. 2001). Thus, Appellant filed his PCRA petition on May 11, 2012.

that **Lafler** did not create a new constitutional right. **Feliciano**, 69 A.3d at 1277. In addition, Appellant concedes that "no court in Pennsylvania has found **Lafler**" to "apply retroactively." Appellant's Brief at 10. Thus, Appellant has failed to plead and prove the new constitutional right exception to the PCRA's time bar. Moreover, it is well established that the fact that a petitioner's claims are couched in terms of ineffectiveness will not save an otherwise untimely petition from the application of the time restrictions of the PCRA. **Commonwealth v. Edmiston**, 65 A.3d 339, 349 (Pa. 2013). Finally, we must reject Appellant's suggestion that we carve out an exception to the PCRA's timing requirement for him. "The PCRA confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act." **Commonwealth v. Harris**, 972 A.2d 1196, 1200 (Pa. Super. 2009). For all of the foregoing reasons, the PCRA court did not err by dismissing Appellant's PCRA petition for lack of jurisdiction.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/23/2014