J-S50039-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| BERNARD HILL, JR. | |
| Appellant | No. 2949 EDA 2014 |

Appeal from the Judgment of Sentence September 19, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0015274-2012

BEFORE: PANELLA, J., MUNDY, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                      **FILED AUGUST 28, 2015**

A jury found Bernard Hill guilty of burglary and criminal trespass[1] but acquitted him of possession of an instrument of crime. The trial court sentenced Hill to 7-14 years' imprisonment for burglary and a consecutive term of five years' probation for criminal trespass. Hill filed a timely direct appeal, and both Hill and the trial court complied with Pa.R.A.P. 1925. We vacate Hill's judgment of sentence and remand for a new trial, because the trial court permitted Hill to proceed *pro se* during jury selection without waiving his right to counsel knowingly, voluntarily, or intelligently.

On July 26, 2012, Hill jumped over a fence to gain entrance to the back patio of a home in Philadelphia, broke a kitchen window and removed

_____

[1] 18 Pa.C.S. §§ 3502 and 3503, respectively.

1

several items from the windowsill. An au pair who was caring for two young children saw Hill removing the items; Hill saw the au pair and ran away. The au pair called police, who apprehended Hill several minutes later running down a nearby street, wearing exactly what the au pair had described to police and carrying a small pocket knife, gloves and a flashlight on his person. The au pair identified Hill as the perpetrator minutes after his arrest. N.T., 5/21/14, at 98-119, 144-52.

Richard Desipio, Esquire was appointed to represent Hill, and Mr. DeSipio served as counsel during Hill's preliminary hearing, pre-trial conference and multiple pre-trial status listings.

On the day of trial, Hill indicated his dissatisfaction with Mr. Desipio's representation for the first time. Hill asked the trial court to appoint new counsel because he had allegedly seen Mr. Desipio only two times after his arrest and had not received discovery or notes of testimony from the preliminary hearing. Mr. Desipio disputed Hill's assertions and stated that he had given all discovery and the preliminary hearing transcript to Hill over one year earlier. N.T., 5/20/14, at 4-5, 35-36, 38-39, 44-46. The trial court credited Mr. Desipio's response and denied Hill's request to appoint new counsel.

Hill stated that he would not permit Mr. Desipio to serve as trial counsel under any circumstances and demanded to represent himself. He also requested a continuance to prepare to present his own defense. The trial court denied Hill's request for continuance, noting that the trial date had

received priority status because the Commonwealth's sole witness (the au pair) had moved to France and had flown in for trial. N.T., 5/20/14, at 16-17.

The trial court colloquied Hill to determine whether his decision to waive his right to counsel was knowing, voluntary and intelligent. Although the colloquy was extensive, the Commonwealth admits that the court did not inquire whether Hill understood (1) that he had the right to have counsel appointed for him at no cost to him, (2) the elements of the crimes, (3) the permissible fine for burglary, and (4) that counsel might be aware of defenses that would be lost if they were not raised at trial. Brief For Commonwealth, at 15-16. The court accepted Hill's waiver of his right to counsel as knowing, voluntary and intelligent. Over Hill's objection, the court appointed Mr. Desipio as standby counsel and informed Hill that he could speak with Mr. Desipio at any time during the proceedings. N.T., 5/20/14, at 40-41.

The Commonwealth requested a jury trial. Hill, who wanted a waiver trial, stated that he was "not going to disrupt" jury selection but would not speak at all. N.T., 5/20/14, at 42-43. Hill did not speak during jury selection, but the trial court proceeded with *voir dire* by asking questions on the basis of the venirepersons' responses to juror questionnaires. The court struck venirepersons for cause when appropriate and asked Hill each time whether he wished to accept each person questioned. When he did not respond, the court deemed his silence as an implicit acceptance. Twelve

jurors and two alternates were selected, all of whom affirmed that they would be impartial.

Before trial began the next day, the Commonwealth and Mr. Desipio jointly requested that the court revoke Hill's right to represent himself on the ground that his conduct made clear that he did not truly want to represent himself but merely wanted to engage in gamesmanship to delay the proceedings. N.T., 5/21/14, at 3-9. The court asked Hill whether he would meaningfully participate in his own defense at trial, and he answered that he would not because he "[did not] want a jury trial" and "[did not] want this lawyer." *Id*. at 12. The court thereupon revoked Hill's right to represent himself and re-appointed Mr. Desipio as counsel.

Ultimately, after two days of deliberations and four questions to the court, the jury returned a guilty verdict on the burglary and criminal trespass charges and a not guilty verdict on the charge of possession of an instrument of crime.

Hill raises three issues on appeal, which we have re-ordered for the sake of convenience:

> Did the trial court err when it allowed [Hill] to waive his right to counsel or when it denied his request for a continuance?
>
> Did the trial court improperly deny [Hill's] request for new counsel?
>
> Did the jury selection process violate [Hill's] right to an impartial jury trial or violate fundamental notions of due process?

Brief For Appellant, at 3.

Hill's first argument, which we find dispositive, is that the trial court erred by permitting him to waive his right to counsel. A criminal defendant's right to counsel is guaranteed by the Sixth Amendment to the United States Constitution and Article I, § 9 and Article V, § 9 of the Pennsylvania Constitution. *Commonwealth v. Owens*, 750 A.2d 872, 875 (Pa.Super.2000). Alternatively, a criminal defendant has a well-settled constitutional right to dispense with counsel and to defend himself before the court. *Commonwealth v. Starr*, 664 A.2d 1326, 1334 (Pa.1995) (citing *Faretta v. California*, 422 U.S. 806 (1975)). "Deprivation of these rights can never be harmless." *Commonwealth v. Payson*, 723 A.2d 695, 699–700 (Pa.Super.1999). As our Supreme Court explained in *Starr*:

> [T]his highly personal constitutional right operates to prevent a state from bringing a person into its criminal courts and in those courts force a lawyer upon him when he asserts his constitutional right to conduct his own defense. *Faretta, supra,* [422 U.S.] at 807. Further, the denial of a criminal defendant's right to proceed *pro se* is not subject to a harmless error analysis. *McKaskle v. Wiggins*, 465 U.S. 168, 177, n. 8 [] (1984) ('the right to self-representation is either respected or denied; its deprivation cannot be harmless').

*Starr*, 664 A.2d at 1334–1335.

In the wake of *Faretta*, our Supreme Court promulgated Pa.R.Crim.P. 318, later renumbered as Pa.R.Crim.P. 121, to ensure that criminal defendants intent upon waiving their right to counsel do so knowingly, voluntarily and intelligently. Rule 121 requires the court to elicit the

following information from the defendant to ensure that his waiver is knowing, voluntary, and intelligent:

> (a) that the defendant understands that he or she has the right to be represented by counsel, and the right to have free counsel appointed if the defendant is indigent;
> (b) that the defendant understands the nature of the charges against the defendant and the elements of each of those charges;
> (c) that the defendant is aware of the permissible range of sentences and/or fines for the offenses charged;
> (d) that the defendant understands that if he or she waives the right to counsel, the defendant will still be bound by all the normal rules of procedure and that counsel would be familiar with these rules;
> (e) that the defendant understands that there are possible defenses to these charges that counsel might be aware of, and if these defenses are not raised at trial, they may be lost permanently; and
> (f) that the defendant understands that, in addition to defenses, the defendant has many rights that, if not timely asserted, may be lost permanently; and that if errors occur and are not timely objected to, or otherwise timely raised by the defendant, these errors may be lost permanently.

Pa.R.Crim.P. 121(A)(2). When the court is satisfied that the defendant understands each of these factors but knowingly, voluntarily, and intelligently seeks to waive his right to counsel, the trial court, in keeping with **Faretta**, must allow the individual to proceed *pro se*. **Commonwealth v. El**, 977 A.2d 1158, 1162-63 (Pa.2009). Upon accepting the defendant's waiver of counsel, the court may appoint standby counsel for the defendant. Pa.R.Crim.P. 121(D). Standby counsel "shall attend the proceedings and shall be available to the defendant for consultation and advice." Pa.R.Crim.P. 121(D).

"Regardless of the defendant's prior experience with the justice system, a penetrating and comprehensive colloquy is mandated." *Commonwealth v. Owens,* 750 A.2d 872, 876 (Pa.Super.2000). "Failure to conduct a thorough on-the-record colloquy before allowing a defendant to proceed to trial *pro se* constitutes reversible error." *Commonwealth v. Phillips*, 93 A.3d 847, 853 (Pa.Super.2014) (failure to conduct thorough colloquy at multiple critical stages of proceedings required vacation of judgment of sentence and remand for further proceedings); *Commonwealth v. Clyburn*, 42 A.3d 296, 300-01 (Pa.Super.2012) (new trial required for failure to conduct thorough on-the-record colloquy before allowing defendant to proceed to trial *pro se*); *Commonwealth v. Houtz*, 856 A.2d 119 (Pa.Super.2004) (trial court did not fully comply with rule requiring it to ascertain whether defendant's waiver of her right to counsel was knowing, voluntary, and intelligent, and thus new trial was required); *Commonwealth v. Payson*, 723 A.2d 695, 701 (Pa.Super.1999) ("the law is now clear that the trial judge must conduct the colloquy [required under Rule 121] and in doing so must formally question the defendant on the six listed areas").

The defendant does not need to prove prejudice when he proceeds to trial without a legally sufficient waiver of her constitutional right to counsel. *Clyburn*, 42 A.3d at 302 n. 3 (citing *Commonwealth v. Brazil,* 701 A.2d 216 (Pa.1997) (granting new trial for defective waiver colloquy without

analyzing whether the appellant suffered prejudice); **Houtz**, 856 A.2d at 130 (same); **Payson,** 723 A.2d at 704 ("[A]ny shortcoming relative to this colloquy cannot be gauged to the quality of an accused's self-representation nor justified on the basis of his prior experience with the system"). Moreover, as **Clyburn** observes, Pennsylvania cases which suggest that the defendant needs to show prejudice arising from a defective waiver are inapposite, because these cases had "different procedural postures":

> Both **Commonwealth v. Meehan**, 628 A.2d 1151, 1159 (Pa.Super.1993), and **Commonwealth v. Davis**, 573 A.2d 1101, 1108 n. 7 (Pa.Super.1990), were on appeal under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546. The cases of **Commonwealth v. Bastone**, 467 A.2d 1339, 1341 (Pa.Super.1983), and **Commonwealth v. Carver**, 436 A.2d 1209, 1211 (Pa.Super.1981), involved matters where counsel was not present at the preliminary hearing stages.

**Clyburn**, 42 A.3d at 302 n.3 (citations modified).

The record demonstrates, and the Commonwealth concedes, that the trial court erred by failing to question Hill about many of the six Rule 121 criteria before permitting him to represent himself, such as the elements of the crimes, the permissible fine for burglary, the fact that he had the right to have counsel appointed for him at no cost, and the possibility that counsel knew about defenses that Hill would lose by not raising them at trial. These omissions entitle Hill to a new trial.

The Commonwealth asserts that these omissions did not prejudice Hill, because (1) he knew he had the right to appointment of counsel at no cost, because he had free counsel for almost two years; (2) he knew the elements

of the crimes, because he said he researched the charges at a law clinic; (3) the outcome would have been the same had the court told him the maximum fine for burglary and that counsel might know about defenses that Hill would lose by not raising them during trial; (4) he only represented himself *pro se* during jury selection but enjoyed counsel's representation for the rest of trial, (5) he would not have done anything differently during *voir dire* had the court told him the omitted information, because his jury selection strategy was simply to stand mute; (6) Mr. Desipio was present during jury selection as standby counsel, seated behind Hill, and Hill knew that he was free to speak to Mr. Desipio whenever he wanted; (7) the court protected Hill during jury selection by posing questions to venirepersons and striking several of them for cause; (8) the prosecutor used several peremptory strikes and "thereby remov[ed] some venirepersons who may have been biased against [Hill]," such as individuals who had been mugged or robbed, an individual whose daughter had been robbed, and an individual whose cousin was a police officer; (9) each juror that was selected affirmed that he/she would be impartial; and (10) the jury demonstrated its impartiality by carefully considering the evidence and rendering a verdict, after two days of deliberations and four questions, of not guilty on one of the charges. Brief For Commonwealth, at 17-20. This litany of arguments, while incisive, does not change the result of this appeal. The Sixth Amendment requires that the accused be given the assistance of counsel at

every critical stage of a criminal prosecution. **Commonwealth v. Ritchey**, 245 A.2d 446, 448 (Pa.1968). *Voir dire* is a critical stage of the criminal proceeding, because the defendant's life or liberty might depend on jury selection. **Commonwealth v. Hunsberger**, 58 A.3d, 32, 37 (Pa.2012). Due to the defective Rule 121 colloquy, Hill lost his right to counsel during this critical stage of the prosecution. While the Commonwealth argues forcefully that Hill suffered no prejudice, our precedent does not require the defendant to demonstrate prejudice arising from the loss of counsel during trial, regardless of his prior experience with the system. **Clyburn**, 42 A.3d at 302 n. 3.

The Commonwealth invites us to deny Hill a new trial because he lost his right to counsel during a single critical stage of trial instead of the entire trial. Acceptance of this argument would erode prior juridical pronouncements on this subject and conflict with the clear language of Rule 121. We are unwilling to take this step. The loss of counsel during a single critical stage is sufficient to warrant a new trial.[2]

Judgment of sentence vacated. Case remanded for further proceedings. Jurisdiction relinquished.

---

[2] Due to our disposition of this issue, we need not address Hill's remaining issues in this appeal.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/28/2015</u>