J-S46018-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GABRIEL G. OCASIO | |
| Appellant | No. 2419 EDA 2015 |

Appeal from the PCRA Order July 7, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0514001-2000

BEFORE:  BENDER, P.J.E., OTT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY OTT, J.:                         **FILED AUGUST 19, 2016**

Gabriel G. Ocasio appeals, *pro se*, from the order entered on July 7, 2015, in the Court of Common Pleas of Philadelphia County, denying him relief, without a hearing, on his third petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541 *et seq*.  Specifically, the PCRA court determined this petition was untimely.  Following a thorough review of the submissions by the parties, relevant law, and the certified record, we affirm on the sound analysis of the PCRA court and direct the parties to attach a copy of the PCRA court opinion, filed 10/13/2015, in case of further proceedings.

_____

[*] Retired Senior Judge assigned to the Superior Court.

Initially, we note, "Our standard of review over the denial of a PCRA petition is well-settled. In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." **Commonwealth v. Mitchell**, ___ A.3d ___, 2016 WL 3909072 (Pa. 2016) (filed (7/19/2016) (citations and internal quotation marks omitted).

The PCRA court opinion in this matter accurately recounts the factual and procedural history of this matter. We briefly note that in 2005, Ocasio was convicted by jury of one count of first-degree murder, three counts of attempted murder, and a variety of related charges. Ocasio was sentenced to a term of life imprisonment. After his direct appeal afforded him no relief,[1] Ocasio filed his first PCRA petition and was represented by James Bruno, Esq. This also provided no relief to Ocasio.[2] He filed a second PCRA petition, *pro se*. This petition claimed Bruno was ineffective. The second petition was dismissed as untimely. A panel of our Court affirmed that decision.[3] This petition, Ocasio's third, again raises claims of Bruno's ineffective assistance. Here, Ocasio attempts to evade the timeliness

---

[1] **Commonwealth v. Ocasio**, 919 A.2d 974 (Pa. Super. 2007) (unpublished memorandum).

[2] No appeal was taken from the dismissal of this petition.

[3] **See Commonwealth v. Ocasio**, 2014 WL 10979204 (3/6/2014) (unpublished memorandum).

requirements that doomed his prior petition by claiming he only recently discovered Bruno had been suspended from the practice of law due to mental health issues. However, the PCRA court appropriately noted that Ocasio fails to explain how this fact affects his case given that Bruno's suspension from the practice of law was made retroactive to February 26, 2013 while Bruno's representation of Ocasio ended in 2009.[4]

Our review of the certified record discloses the PCRA court's order is based upon the facts of record and is free from error. Accordingly, Ocasio is not entitled to relief.

Order affirmed. Parties are directed to attach a copy of the PCRA court opinion, dated, October 13, 2015, in the event of further proceedings.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/19/2016

_____

[4] There is some indication that Attorney Bruno's symptoms may have first manifested in 2011. However, that is still well after his relationship with Ocasio terminated.

- 3 -

**IN THE COURT OF COMMON PLEAS**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**CRIMINAL TRIAL DIVISION**

COMMONWEALTH OF PENNSYLVANIA   :
                               :

           v.              :         CP-51-CR-0514001-2000

GABRIEL OCASIO              :
PP # 900140                :

                               : **FILED**

DOCKET NO.: 2419 EDA 2015                OCT *13* 2015

                                  Criminal Appeals Unit

                **OPINION**        First Judicial District of PA

    Appellant, Gabriel Ocasio, appeals the July 7, 2015, dismissal of his petition for relief pursuant to the Post Conviction Relief Act, 42 Pa. C.S. §§ 9541 – 9546 et seq. (PCRA). Following review, the Court determined that appellant's petition was untimely and failed to properly invoke an exception to the timeliness requirements. The procedural history is as follows.

    On September 27, 2005, following a jury trial, appellant was found guilty of first degree murder, attempted murder (3 counts), carrying a firearm without a license, possession of an instrument of crime and aggravated assault, and sentenced to life imprisonment followed by 30-60 years incarceration for the murder of Francisco Quintana, and the shooting of Brian Norat, Pomy Pomales and Nicholas Rios.[1] Post sentence motions were denied without a hearing and,

---

[1] 18 Pa.C.S. § 2502; 18 Pa.C.S. § 2502, § 901; 18 Pa.C.S. § 6106; 18 Pa.C.S. § 907; 18 Pa.C.S. § 2702, respectively. In addition to his sentence of life imprisonment without the possibility of parole for first degree murder, appellant received 10-20 years incarceration on each attempted murder charge, to run consecutively to each other and the life sentence; 3 ½-7 years incarceration for carrying a firearm without a license; 2 ½-5 years incarceration for possessing an instrument of crime; and 5-10 years incarceration for aggravated assault, to run concurrent

1

on January 30, 2007, the Superior Court affirmed the judgment of sentence. Appellant's petition for allowance of appeal was denied by the Pennsylvania Supreme court on July 10, 2007.

On October 12, 2007, appellant filed a timely pro se PCRA petition claiming that he was entitled to relief because of the ineffective assistance of trial and appeal counsel.[2] On February 27, 2009, following independent review of appellant's claims in both the pro se, and amended petitions, and the Commonwealth's motion to dismiss, the Court determined that appellant had failed to state a claim which entitled him to relief and a notice pursuant to Pa.R.Crim.P. 907, indicating that appellant's petition would be dismissed without a hearing after twenty days, was filed and served on appellant.

On March 6, 2009, appellant filed a pro se response to the 907 notice, claiming that PCRA counsel had not communicated with him and requesting that attorney Raymond Roberts be appointed as replacement PCRA counsel. In response to appellant's allegations, the Court held dismissal of appellant's petition in abeyance and had PCRA counsel respond to appellant's allegations at the March 17, 2009 listing. Counsel represented to the Court that he had in fact been in contact with appellant, but would meet with appellant again, and additional time was given for counsel to consult further with appellant and proceed accordingly. On June 18, 2009, PCRA counsel filed a supplemental amended PCRA petition containing four additional claims. The Commonwealth

---

to all other sentences.

[2] Specifically, appellant complained that "trial counsel failed to object to multiple errors," and "direct appeal counsel failed to file a proper brief to the Superior Court."

filed its motion to dismiss on June 26, 2009. Thereafter, the Court reviewed all of the submissions and the applicable law and determined that appellant was not entitled to PCRA relief. On August 21, 2009, a 907 notice was filed and served on appellant. On September 10, 2009, the Court received appellant's pro se response to the 907 notice, styled as a "Motion to Vacate the Court's Pa.R.Crim.P. 907 Intention to Dismiss Order and for the Appointment of New PCRA Counsel," indicating only that appellant had forwarded his entire file to PCRA counsel and it had not yet been returned, that counsel only picked up appellant's file eight days prior to the issuance of the 907 notice, and again requesting that a specific attorney be appointed to replace appointed PCRA counsel. The Court reviewed appellant's response and determined that return of his file and a request to appoint a specific attorney to his case were not issues warranting PCRA relief, and appellant's PCRA petition was dismissed without a hearing on September 11, 2009. No appeal was taken.

On March 12, 2012, appellant filed a second petition for post conviction relief claiming that he was eligible for relief because of the ineffective assistance of counsel, improper obstruction by government officials of his right to appeal where a meritorious appealable issue existed, newly discovered exculpatory evidence, and because of the imposition of a sentence greater than the lawful maximum. After reviewing appellant's complaints, the record and the controlling law, the Court determined that appellant's petition for relief was untimely. A 907 notice so indicating was filed and served on appellant on February 7, 2013. On March 7, 2013, the Court received appellant's response

3

to the 907 Notice, complaining that PCRA counsel had provided ineffective assistance and outlining thirty-two claims that he would have raised on PCRA.[3] Review of the claims revealed that they were either addressed on direct appeal, vague and undeveloped or had been raised in the counseled amended and supplemental amended petitions. On March 22, 2013, appellant's second petition for post conviction relief was formally dismissed. The Superior Court affirmed the dismissal on March 6, 2014 and the Pennsylvania Supreme Court denied the petition for allowance of appeal on August 19, 2014.

On December 31, 2014, appellant filed this his third PCRA claiming that a newspaper article dated November 26, 2014, indicating that his former PCRA counsel had been suspended for two years retroactive to his temporary suspension in February 2013, due to mental health issues, amounted to after discovered evidence sufficient to overcome the PCRA time bar. Appellant subsequently forwarded a copy of a letter from the Office of Disciplinary Counsel dated February 3, 2015, indicating that PCRA counsel by Order dated November 13, 2014, was suspended from the practice of law in this Commonwealth for a period of two years retroactive to February 26, 2013, to be followed by a two year period of probation after reinstatement.[4] After review of appellant's claims and the record, the Court determined that appellant had not met his burden to show that his petition met a timeliness exception since the PCRA for which counsel had been appointed was completed September 11,

---

[3] The docket does not indicate that appellant's response to the 907 Notice was filed.
[4] See File Reference C1-10-705

4

2009. In response to the Rule 907 notice, appellant again asserted the claims in his petition and included that, "Before a psychologist identified the disorders in a 2011 diagnosis, determining they caused [PCRA counsel] to forget to file pleadings, petitions, and appeal notices, as well as provide clients with updates."[5] The Court did not find that this language entitled appellant to relief and appellant's PCRA petition was dismissed as untimely on July 7, 2015. This appeal followed.

The standard of review of a PCRA court's grant or denial of relief is limited to examining whether the trial court's determination is supported by the evidence of record and whether it is free of legal error. Commonwealth v. Owens, 2000 PA Super 105, 750 A.2d 872 (Pa. Super. 2000). The petition must be timely, as the PCRA's timeliness restrictions are jurisdictional in nature and are to be strictly construed. Commonwealth v. Abu-Jamal, 596 Pa. 219, 941 A.2d 1263, 1267-68 (2008). A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review. Commonwealth v. Smith, 2011 PA Super 260, 35 A.3d 766, 769 (Pa. Super. Ct. 2011) citing 42 Pa.C.S.A. § 9545(b)(3). However, an otherwise untimely PCRA petition may be reviewed, when a petitioner invokes and pleads one of the exceptions provided in section 9545(b)(1), which provides in relevant part:

(b) Time for filing petition.—

---

[5] This appears to be a quote, but appellant does not reference where the language is found.

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S.A. § 9545(b)(1) and (2). It is the petitioner's burden to plead and prove an exception to the PCRA-timeliness rule. Commonwealth v. Blackwell, 2007 PA Super 314, 936 A.2d 497, 500 (Pa. Super. Ct. 2007).

Appellant asserts that after discovered evidence of PCRA counsel's mental health issues which resulted in his suspension from the practice of law meet the timeliness requirement of the PCRA. The record shows that PCRA counsel was appointed for appellant's first PCRA on April 8, 2008. On November 7, 2008, counsel filed an amended petition complaining of approximately ten instances where trial and appellate counsel allegedly provided ineffective assistance. Thereafter the Court determined that appellant's claims lacked merit and filed and served appellant with a Rule 907 notice. On March 6, 2009, appellant filed a pro se response to the 907 notice,

6

claiming that PCRA counsel had not communicated with him and requesting that new counsel be appointed to replace PCRA counsel. In response to appellant's allegations, the Court held dismissal of appellant's petition in abeyance and had PCRA counsel respond to appellant's allegations on the record at the March 17, 2009 listing. Appellant agreed to remain with counsel and, on June 18, 2009, after consulting with appellant, PCRA counsel filed a supplemental amended PCRA petition containing four additional claims. Following review of all submissions, a second Rule 907 notice was served on appellant to which appellant responded with a request for appointment of replacement counsel. Appellant's PCRA first timely petition was dismissed on September 11, 2009, two years before counsel's alleged 2011 diagnosis of mental health issues and four years before the retroactive date of counsel's suspension. Therefore, appellant has failed to demonstrate that his petition meets any of the timeliness exceptions. Accordingly, appellant's PCRA petition is untimely.

For the foregoing reasons, appellant's petition for post conviction relief was properly dismissed.

BY THE COURT:

_Sheila Woods Skipper_

SHEILA WOODS-SKIPPER, J.

7