J-S03022-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RABIH HAIDAR HAWCHAR | : | |
| | : | |
| Appellant | : | No. 673 WDA 2020 |

Appeal from the PCRA Order Entered July 15, 2020
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0007016-2015

BEFORE:   DUBOW, J., MURRAY, J., and STRASSBURGER, J.[*]

MEMORANDUM BY MURRAY, J.:                        **FILED: MARCH 18, 2021**

Rabih Haidar Hawchar (Appellant) appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

In a prior decision affirming Appellant's judgment of sentence, we summarized the underlying facts and procedure:

> [T]he evidence presented at Appellant's jury trial demonstrated that he sexually assaulted his stepson over the course of several years, beginning when the child was nine and ending just before the child turned thirteen. During these years, Appellant would abuse the victim three to four times a week, including raping the child and forcing the child to perform oral sex on him. The child finally admitted the abuse to his mother.
>
> Appellant was arrested and charged with numerous sexual offenses. Following a jury trial from November 13–17, 2015, the jury convicted Appellant of two counts each of rape of a child (18 Pa.C.S. § 3121(c)), involuntary deviate sexual intercourse with a

_____

[*] Retired Senior Judge assigned to the Superior Court.

child, (18 Pa.C.S. § 3123(b)), and indecent assault of a child less than 13 years of age (18 Pa.C.S. § 3126(a)(7)). Appellant was also convicted of single counts of unlawful contact with a minor (18 Pa.C.S. § 6318(1)), sexual assault (18 Pa.C.S. § 3124.1), and endangering the welfare of a child (18 Pa.C.S. § 4304(a)(1)).

On February 3, 2016, Appellant was sentenced to consecutive terms of 10 to 20 years' incarceration for his rape convictions, as well as concurrent terms of 10 to 20 years' incarceration for each of the two counts of involuntary deviate sexual intercourse. The court also directed that Appellant adhere to a lifetime registration requirement under the Sexual Offender Registration and Notification Act, 42 Pa.C.S. §§ 9799.10–9799.41. No further penalty was imposed for Appellant's remaining convictions.

***Commonwealth v. Hawchar***, No. 334 WDA 2016, at *1 (Pa. Super. July 6, 2017) (unpublished memorandum).

As noted, this Court affirmed Appellant's judgment of sentence. Appellant did not petition the Supreme Court for allowance of appeal. On June 6, 2018, Appellant *pro se* filed the underlying PCRA petition. The court appointed counsel, who filed an amended petition on January 7, 2019. The Commonwealth filed an answer on February 6, 2019. On June 10, 2020, the PCRA court issued notice of intent to dismiss pursuant to Pa.R.Crim.P. 907, and on July 15, 2020, the court entered the order dismissing the petition. Appellant filed this appeal.[1] Both the PCRA court and Appellant have complied with Pa.R.A.P. 1925.

---

[1] Appellant appears to have filed his July 8, 2020 notice of appeal in response to the PCRA court's Rule 907 notice issued on June 10, 2020, rather than the order dismissing the petition on July 15, 2020. Although the filing was premature, the appeal is properly before us pursuant to Pa.R.A.P. 905(5)(a)(5) ("a notice of appeal filed after the announcement of the

Appellant presents three issues for our review:

I.   Did the trial court err when it denied the request for a new trial in Appellant's amended PCRA petition due to trial counsel's ineffectiveness for failing to file a brief in support of the Motion for Review of Alleged Victim's Records?

II.  Did the trial court err when it denied the request for a new trial in Appellant's amended PCRA petition due to appellate counsel's ineffectiveness for failing to file post-sentencing motions?

III. Did the trial court err when it denied the request for a new trial in Appellant's amended PCRA petition due to appellate counsel's ineffectiveness for failing to appropriately challenge Appellant's designation as a Sexually Violent Predator?

Appellant's Brief at 4.

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination, and whether the determination is free of legal error. ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Id.***

With regard to a petitioner's claim of counsel's ineffectiveness:

It is well-settled that counsel is presumed to have been effective and that the petitioner bears the burden of proving counsel's alleged ineffectiveness. To overcome this presumption, a petitioner must establish that: (1) the underlying substantive claim has arguable merit; (2) counsel did not have a reasonable

_____

determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof"). ***See also Commonwealth v. Swartzfager***, 59 A.3d 616, 618 (Pa. Super. 2012) (although initially premature, appeal filed in response to the court's Rule 907 notice of intent to dismiss need not be quashed).

basis for his or her act or omission; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance, that is, a reasonable probability that but for counsel's act or omission, the outcome of the proceeding would have been different. A PCRA petitioner must address each of these prongs on appeal. A petitioner's failure to satisfy any prong of this test is fatal to the claim.

**Commonwealth v. Wholaver,** 177 A.3d 136, 144 (Pa. 2018) (citations omitted).

In his first issue, Appellant argues trial counsel was ineffective for failing "to file a brief after being instructed to do so" by the trial court. Appellant's Brief at 12. Appellant states that he filed a pre-trial "motion for review of alleged victim's records," and broadly asserts that "had counsel filed the brief, [the motion] would have been granted[.]" **Id.**

This argument lacks merit. First, it is undeveloped. Appellant does not cite the record or legal authority to support his claim. We have explained:

When an appellant cites no authority supporting an argument, this Court is inclined to believe there is none. **See** Pa. R.A.P. 2119(a) and (b) (requiring an appellant to discuss and cite pertinent authorities); **Commonwealth v. Antidormi***, 84 A.3d 736, 754 (Pa.Super.2014) (finding issue waived because the appellant "cited no legal authorities nor developed any meaningful analysis").

**Commonwealth v. Reyes-Rodriguez**, 111 A.3d 775, 781 (Pa. Super. 2015) (*en banc*).

We could find Appellant's issue waived. **See Commonwealth v. Zewe***, 663 A.2d 195, 199 (Pa. Super. 1995) (the argument section of an appellant's brief must include relevant discussion of the points raised along with citation

to pertinent authorities); ***Commonwealth v. Owens***, 750 A.2d 872, 877 (Pa. Super. 2000) (failure to cite case law or other legal authority in support of an argument results in waiver). However, in the absence of waiver, the issue has no merit.

The PCRA court judge, who also presided at Appellant's jury trial, explained that Appellant's motion was argued at a pre-trial hearing, where the court "explained to counsel for Appellant in order to grant the motion, Appellant must first show the proposed evidence was relevant." PCRA Court Opinion, 8/28/20, at 4 (citations to transcript omitted). The court instructed Appellant to file a brief after the hearing. ***Id.*** When Appellant failed to do so, the court found the issue waived. However, the court subsequently conducted its own research, and citing prevailing legal authority as to relevance, the Rape Shield Act, hearsay, and therapist-client privilege, and concluded "[s]ince Appellant had no legal basis to obtain the evidence requested in the Pre-Trial Motion, counsel's failure to file a brief in support thereof does not constitute ineffective assistance." ***Id.*** at 4-5.[2] Upon review, we find no error in the PCRA court's conclusion that "counsel's failure to brief a meritless issue does not constitute ineffective assistance." ***Id.***

---

[2] In contrast to Appellant's cursory argument, the Commonwealth has set forth a comprehensive discussion rebutting the argument, and expanding on the PCRA court's discussion of pertinent legal authority and determination that this issue does not merit relief. ***See*** Commonwealth Brief at 11-17.

In his next issue, Appellant argues that appellate counsel was ineffective for failing to file post-sentence motions. Appellant's Brief at 9. Appellant's argument is approximately one page in length. *See id.* at 13-14. He explains that at the conclusion of sentencing, trial counsel verbally requested to withdraw from representation, and the court granted the request and verbally appointed the Public Defender's Office to represent Appellant. The court formalized the appointment the next day, by order dated February 4, 2016. Appellant "submits he wanted to file post-sentencing motions and that he did not speak with appellate counsel within the time period in which post-sentence motions needed to be filed." *Id.* He contends:

> Appellate counsel had no reasonable basis for failing to file post-sentencing motions. Had appellate counsel filed post-sentencing motions challenging the weight of the evidence Appellant contends said motion would have been granted. Appellant argues the evidence presented at trial was insufficient and the jury's verdict against the weight of the evidence for the following reasons:
>
> a. The alleged victim's testimony was extremely vague. No specific dates or times were provided. Victim was impeached at trial and was so unreliable that the jury should not have convicted; and
>
> b. Not only was the victim's testimony contradictory in regards to his testimony at the preliminary hearing, trial, and the forensic interview, it was also contradictory with parts of his mother's testimony.

*Id.* at 14.

Again, Appellant has failed to develop his argument beyond conclusory and baseless assertions. *See id.* at 13-14. As we stated above, "when an

appellant cites no authority supporting an argument, this Court is inclined to believe there is none." **Reyes-Rodriguez**, 111 A.3d at 781. Appellant does not cite to the record or law, nor does he explain **how** the evidence was vague, unreliable and contradictory. Appellant's second issue is waived.

Waiver notwithstanding, we recognize "[t]he weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses." **Commonwealth v. Champney**, 832 A.2d 403, 408 (Pa. 2003) (citation omitted). "Issues of witness credibility include questions of inconsistent testimony and improper motive." **Commonwealth v. Jacoby**, 170 A.3d 1065, 1080 (Pa. 2017) (citation omitted). "A new trial should not be granted because of a mere conflict in the testimony[.]" **Commonwealth v. Clay**, 64 A.3d 1049, 1055 (Pa. 2013). In reviewing a challenge to the weight of the evidence, the trial court will not overturn a verdict unless it is "so contrary to the evidence as to shock one's sense of justice." **Commonwealth v. Diggs**, 949 A.2d 873, 879 (Pa. 2008). A trial court's decision as to whether a verdict was or was not against the weight of the evidence is one of the least assailable of its rulings. **Diggs**, 949 A.2d at 879-80.

The PCRA court, having presided at Appellant's jury trial, opined:

> The victim testified at trial that Appellant sexually assaulted him from the time he was nine until he was thirteen. (TT 66-82). This testimony, if deemed credible by the trier of fact, is sufficient to support the convictions. **Commonwealth v. Trimble**, 615 A.2d 48, 50 (Pa. Super. 1992). The jury, by convicting Appellant on all counts, found the victim credible and this Court concurs. As

- 7 -

such, any motion based on the weight of the evidence would have been meritless, and counsel cannot be deemed ineffective for failing to raise a frivolous motion.

PCRA Court Opinion, 8/28/20, at 6.

For the above reasons, we find no merit to Appellant's second issue.

Finally, in his third issue, Appellant assails appellate counsel's failure to challenge his Sexually Violent Predator (SVP) designation.[3] Appellant cites a single case, **Commonwealth v. Meals**, 912 A.2d 213, 217 (Pa. 2006), to support his claim that appellate counsel "had no reasonable basis for failing to appeal the SVP designation." Appellant's Brief at 14-15. Appellant asserts, "[h]ad appellate counsel properly raised the issue, Appellant would not have been designated a[n] SVP because:

    a. There were not multiple victims;

    b. Appellant didn't exceed the means necessary to achieve the offense;

    c. Victim was not a stranger to Appellant;

    d. There was no display of unusual cruelty;

    e. There was nothing abnormal about the mental capacity of victim;

    f. Appellant has no prior criminal record of any kind, including of a sexual nature, therefore, Appellant has not completed any prior sentences, nor was he required to attend any programs for sexual offenders;

---

[3] In **Commonwealth v. Butler**, 226 A.3d 972 (Pa. 2020) (**Butler II**), the Pennsylvania Supreme Court held that an SVP determination under SORNA is not punishment and not unconstitutional. **Butler II**, 226 A.3d at 993.

     g. There is no reason to think Appellant would be unable to successfully complete a sexual offender program or a sentence;

     h. There were no allegations of drug use or alcohol abuse;

     i. Appellant has no history of mental illness, disability, or abnormality; and

     j. No weapons or violence were used."

Appellant's Brief at 15.

Appellant continues:

In *Meals*, the Court noted its belief that some of the statutory factors "weighed against" a finding that the defendant was an SVP, particularly that the offense did not involve multiple victims or force or cruelty, it was the defendant's first sexual offense, the offense did not involve alcohol or illicit drugs, and there was no evidence in the record of prior mental health problems or deviant sexual behavior. Taking all of these factors into consideration the Commonwealth did not prove with clear and convincing evidence that Appellant should be designated a Sexual Violent Predator.

Appellant's Brief at 15-16.

The decision in *Meals* does not support Appellant's argument, where the Supreme Court reversed this Court's reversal of the trial court's determination that the defendant was an SVP. In reinstating the defendant's designation as an SVP, Justice Castille wrote:

The issue on appeal is **the proper role of an appellate court in reviewing a sentencing court's classification of a criminal offender as a sexually violent predator** ("SVP") under Megan's Law II. **We find that the Superior Court erred in reweighing the SVP evidence presented to the trial court, rather than simply assessing the legal sufficiency of the proof respecting SVP status accepted by the trial court**, and further erred in requiring greater proof than is required by the

statute. Accordingly, we reverse the order below and reinstate the trial court's SVP designation.

*Commonwealth v. Meals*, 912 A.2d 213, 214 (Pa. 2006) (footnote omitted).

Contrary to *Meals*, Appellant impermissibly asks us to reweigh the evidence in his favor. *See* Appellant's Brief at 16 ("Taking [the] factors [in *Meals*] into consideration the Commonwealth did not prove with clear and convincing evidence that Appellant should be designated a Sexually Violent Predator."). As the Supreme Court emphasized, that is not our role. *Meals*, 912 A.2d at 214.

Moreover, the record supports the PCRA court's conclusions. The court explained:

> Appellant alleges that counsel was ineffective for failing to raise and argue that the SVP classification was not supported by clear and convincing evidence. Counsel for Appellant did raise the issue on direct appeal, but dropped the issue at the Superior Court level after this [c]ourt deemed the issue waived. Appellant failed to file a separate Notice of Appeal for the July 29, 2016 Order of Court which designated him as a Sexually Violent Predator.
>
> * * *
>
> Had this Court reached the merits of the underlying claim, it would have concluded that the SVP designation was supported by clear and convincing evidence.
>
> > In order to affirm an SVP designation, we, as a reviewing court, must be able to conclude that the fact-finder found clear and convincing evidence that the individual is an SVP. As with any sufficiency of the evidence claim, we view all evidence and reasonable inferences therefrom in the light most favorable to the Commonwealth. We will reverse a trial court's determination of SVP status only if the Commonwealth has not presented clear and

- 10 -

> convincing evidence that each element of the statute has been satisfied.
>
> ***Commonwealth v. Baker***, 24 A.3d 1006, 1033 (Pa. Super. 2011), *aff'd*, 78 A.3d 1044 (Pa. 2013).
>
> This [c]ourt notes that its finding of SVP status was supported by clear and convincing evidence, including the uncontroverted testimony and report of the Commonwealth's expert, Dr. Allen Pass. Dr. Pass concluded that Appellant had the diagnosis of pedophilic disorder and his criminal misconduct over a period of four years constituted predatory behavior.

PCRA Court Opinion, 8/28/20, at 6-7 (citation to case law and footnote omitted). Given the above reasoning, counsel was not ineffective because Appellant's issue regarding his SVP designation is meritless. ***See, e.g., Commonwealth v. Jones***, 912 A.2d 268, 278 (Pa. 2006) (counsel cannot be deemed ineffective for failing to raise a meritless claim).

For the reasons stated above, Appellant is not entitled to relief.

Order affirmed.

Judge Dubow joins the memorandum.

Judge Strassburger did not participate.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/18/2021

- 11 -